**U.S. DISTRICT COURT**
**FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Rola HAMANDI | * |
| 1816 S.W. 4th Avenue | |
| Pompano Beach, Fla. 33060, | * |
|             Petitioner | |
| | * |
|       v. | |
| | * |
| Michael CHERTOFF, Secretary | |
| U.S. Department of Homeland Security | * |
| 425 Murray Drive; Building 410 | |
| Washington, D.C. 20528, | * |
|           Respondent | |
| | * |
| Emilio T. GONZALEZ, Ph.D., Director | |
| U.S. Citizenship & Immigration Services | * |
| 20 Massachusetts Avenue N.W. | |
| Washington, D.C. 20529, | * |
|           Respondent | |
| | * |
| Robert S. MUELLER III, Director | |
| Federal Bureau of Investigation | * |
| 935 Pennsylvania Avenue N.W. | |
| Washington, D.C. 20525, | * |
|           Respondent | |

**PETITION FOR A WRIT OF MANDAMUS**

      COMES NOW THE PETITIONER, Rola Hamandi, by and through counsel, J. Michael

Springmann, and prays this Honorable Court for a Writ of Mandamus.  As reasons for such, Mrs.

Hamandi states:

      1. This action is brought against Respondents to compel their action on an Application

for Naturalization as a Citizen of the United States of America, i.e., Form N-400 of the U.S.

Citizenship & Immigration Services (USCIS or The Service).  This form was properly filed by the Petitioner and received by the Respondents, the U.S. Department of Homeland Security (DHS) and one of its constituent parts, USCIS, on July 31, 2006.  (See Exhibit 1).  The Application is processed with the assistance of another Respondent, the Federal Bureau of Investigation (FBI).  The Application remains within the jurisdiction of the Respondents who have improperly withheld action on the Petitioner's Application for more than one calendar year, to the detriment of the rights and privileges of the Petitioner.

## I. Jurisdiction

2.  This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the District Courts) and 28 U.S.C. §§ 1331 (Federal Question jurisdiction) and 1361 (action to compel an officer of the United States to perform his duty).  This Action is filed to redress the deprivation of rights, privileges, and immunities secured to Petitioner by these statutes and to compel Respondents to perform a duty that they owe Petitioner.  Jurisdiction is also conferred by 5 U.S.C. § 704 (Administrative Procedure Act).

3.  Petitioner Hamandi is entitled to have her Application adjudicated.

## II. Venue

4.  Venue is proper under 28 U.S.C. § 1391(e) because the principal Respondent, Michael Chertoff, is being sued in his official capacity as Secretary of the Department of Homeland Security, a U.S. agency resident in this district.  That Petitioner filed her N-400 Application for Naturalization with the Respondent USCIS Texas Service Center is of no import in deciding venue, as all N-400 Applications originating in Florida must be filed with the Texas Service Center.  Because such policy is formulated by DHS and implemented by USCIS in Washington,

2

D.C. and both are federal agencies, venue is proper in Washington, D.C.  Respondent Robert S.

Mueller III, Director of the Federal Bureau of Investigation, an agency of the United States, is

also being sued in his official capacity, and his agency is headquartered in this district.

5. Respondents are officials in the DHS, the USCIS, and the FBI and are charged by law

with the statutory obligation to adjudicate this application.

### III. Parties

6. Petitioner, Mrs. Rola Hamandi, is a citizen and national both of the French Republic

as well as the Lebanese Republic, and has been a Legal Permanent Resident of the United States

of America since October 2, 2001.  She is a resident of Pompano Beach, Fla.  Her Alien Number

(USCIS File Number) is A 78-640-458.  (See Exhibit 2).  She is currently employed by the

American Bank Note Company (ABN) of Trevose, Penna, working as a Vice President of

International ID Systems and Passports.  In a prior position with ICG/Holliston, the U.S.

Government's preferred supplier of high-security passport-cover materials, Petitioner worked to

develop these items.  With the exception of the U.S. government's Bureau of Engraving and

Printing, ABN is the largest supplier of secure documents in this country.  Inter alia, ABN

produces U.S. birth certificates, food stamps for the U.S. Department of Agriculture, provides

U.S. postage stamps to non-traditional outlets such as grocery stores and convenience stores, and

prints currency and passports for numerous foreign countries.  It is also a vendor of coupons to

the U.S. Government Printing Office.

7. Petitioner Hamandi has a clear right to be granted U.S. citizenship and is statutorily

entitled to U.S. citizenship, having performed all the legal and regulatory requirements necessary

to becoming a citizen as well as having paid all governmental fees.  Respondents have a clear

3

duty to adjudicate her application for Naturalization. Petitioner has no other relief available. See
Asare v. Ferro, 999 F. Supp. 657, 659 (D. Md. 1998). See also Iddir v. I.N.S., 301 F.3d 492 (7th
Cir. 2002). However, Respondents DHS and USCIS have not scheduled and apparently have no
plans to schedule Petitioner for the requisite interview and test of her language abilities and
knowledge of U.S. history and culture. See 8 U.S.C. § 1422 and 8 C.F.R. §§ 316.1 et seq.

8. Petitioner meets the requirements as to residence as provided in 8 U.S.C. § 1427(a).
Immediately prior to filing her Application for Naturalization in July 2006, Mrs. Hamandi had
resided continuously, after being lawfully admitted for Permanent Residence on October 22,
2001, within the United States for five (5) years and has been physically present in this country
for periods totaling at least half that time. Furthermore, Petitioner has resided in the State of
Florida for more than three (3) months prior to filing her Application for Naturalization.
Therefore, her Application was properly filed pursuant to 8 U.S.C. § 1427(a)(1).

9. During all periods referred to at 8 U.S.C. § 1427(a), Petitioner Hamandi has been and
still is a person of good moral character, attached to the principles of the Constitution of the
United States and well disposed to their good order and happiness.

10. Petitioner is greatly damaged by the failure of the Respondents to adjudicate her
Application for Citizenship. Mrs. Hamandi requires immediate adjudication of her Application
for Citizenship because she is legally entitled to it and seeks to continue her travels abroad for the
benefit of her employer, ABN, as well as for the advantage of the U.S. government since her
work promotes American export sales. Given her French and Arabic language skills and
knowledge of the region and its conflicts, it is extremely dangerous for her to travel throughout
the Middle East and other troubled areas without the protection the United States of America

owes and provides its citizens.

11. As a non-citizen, even a law-abiding one, Petitioner Hamandi is frequently discriminated against on the basis of her dark skin, Arab heritage, and Muslim religion. On roughly every second return to the United Sates after being away on business for ABN, she is pulled aside in the Miami airport and often questioned for hours about her travels, her relatives in Lebanon, and passport samples she is carrying. Reference is frequently made to cooked salami bought at a Spanish airport gift shop and legally transported into the United States several years ago. According to Immigration inspectors, USCIS has maintained an extensive dossier on her for quite some time.

12. It s not inconceivable, given the U.S. government's delay of her FBI name check, that the lag in processing Mrs. Hamandi's citizenship application is based on similar discrimination by ethnicity, skin color, national origin, and religion.

13. As the result of the Respondents' failure to perform their duty, Petitioner Hamandi has suffered, is suffering, and will continue to suffer irreparable harm. Mrs. Hamandi has been deprived of the substantial and unique benefits of American citizenship, including protection of the laws of the United States equal to that of native-born citizens; political rights, including the right to vote; the right to enter and remain in the United States; freedom of movement and travel; the right to obtain a U.S. passport; the protection, as noted, of the U.S. government when outside the country; and the right to apply for a federal job. She is unable to file immigrant visa petitions for immediate relatives. As remarked above, Mrs. Hamandi has been subjected to fear, despair, and uncertainty when traveling without a United States passport.

14. Respondents CHERTOFF, Secretary, U.S. Department of Homeland Security;

5

GONZALEZ, Director, U.S. Citizenship & Immigration Services; and MUELLER, Director, Federal Bureau of Investigation are officers of the United States and are charged by law with the statutory obligation to adjudicate Mrs. Hamandi's N-400 Application. They owe Petitioner a duty to rule on it and have unreasonably failed to perform that duty. Congress has vested the Executive Branch with authority to confer citizenship. 8 U.S.C. § 1421(a). The statute authorizing the Executive Branch to decide citizenship is suffused with mandatory language. See 8 U.S.C. §§ 1422, 1423, 1427. See also Iddir, 301 F.3d at 499 (describing Congress' use of mandatory language and the word "shall" throughout the statute as conferring a duty upon the Attorney General to administer the diversity visa program). Moreover, the presence of a grant of jurisdiction to District Courts to review lack of adjudication under 8 U.S.C. § 1447(b), although not relied upon in this Action, demonstrates that Congress intended to impose a mandatory duty upon the Executive Branch. See also 8 C.F.R. §§ 310.1, 310.2. The DHS, USCIS, and FBI received Petitioner's Application and have jurisdiction over her case, DHS and USCIS having responsibility for adjudicating citizenship applications, with the FBI providing the so-called "name check", an investigation into whether the Petitioner is guilty of any crimes.

15. This Honorable Court has already ruled in Liu v. Novak, No. 07-263 (EGS), 2007 WL 2460425 (D.D.C.), August 30, 2007 that it has jurisdiction to decide Naturalization cases unduly and unconscionably delayed by FBI name check procedures.

### IV. Facts of the Case

16. Petitioner Hamandi is a citizen and national of both the French Republic and the Lebanese Republic. She has lived in the United States since 1990, and, as noted above, is currently a Vice President of the American Bank Note Company. She was granted Legal

Permanent Resident status on October 2, 2001 as the beneficiary of an immigrant petition filed by her husband, Nicolas E. Guyot, a citizen and national of the French Republic.

17. On July 31, 2006, the USCIS Texas Service Center in Mesquite, Tex. received Petitioner's N-400 Naturalization Application. According to the USCIS website, the Miami District Office, handling Petitioner's Application, is now processing naturalization applications within seven (7) months of their being filed. (See Exhibit 3). Clearly, Mrs. Hamandi's case, now in its 16th month, is far outside normal processing times. This is unacceptable and unwarranted.

18. Beginning in early May 2007, Petitioner contacted USCIS by telephone about her case--without result, other than to get a reference number (TIB12707001-23 MIA). On July 21, 2007, she again called USCIS by telephone, receiving another reference number (TIB1830702984 MIA). On August 16, 2007, Petitioner Hamandi then traveled in person to the Miami District Office where she was told that her Application for Citizenship is delayed due to the required name check. The Office then followed up with a written statement to her on September 15, 2007. (Exhibit 4). The official she spoke with (and the letter as well) provided no further information or prediction as to when this name check would be completed. A review of cases before numerous District Courts regrettably indicates that the federal government manages to delay most Naturalizations from three (3) to four (4) years due to inability or refusal to act on FBI name checks of computerized databases. Mrs. Hamandi has also requested assistance from her Congressional delegation but no results have been obtained.

## V. Petitioner is Able to Establish All the Elements of a Successful Mandamus Action

19. A mandamus plaintiff must demonstrate that: (i.) he has a clear right to the relief

7

requested; (ii.) the Respondent has a clear duty to perform the act in question; and (iii.) no other adequate remedy is available. Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002). Petitioner easily meets all three of these criteria.

### i. *Petitioner Has a Clear Right to the Relief Requested*

20. Respondents have deliberately, willfully, and unreasonably refused to adjudicate Petitioner's Application for Naturalization for more than one calendar year, thereby depriving Petitioner of her rights under 8 C.F.R. §§ 316.2 *et seq.* and her right of being lawfully accorded the privileges of becoming a United States citizen. These rights include the ability to accept employment, vote, run for political office, and travel in and out of the United States freely and without delay. 8 U.S.C. §§ 1445 *et seq.*. Mrs. Hamandi has engaged in no action, either within or without the United States, which would cause her to be denied American citizenship for want of good moral character. She has not admitted to, been charged with, or been convicted of any crime of moral turpitude which would make her inadmissible to the United States or cause her removal from them. See Immigration & Nationality Act § 237(a)(2)(A); 8 U.S.C. § 1182(a)(2)(A)(i)(I). Petitioner fully appreciates and treasures the benefits and blessings of American Citizenship; she wants nothing more than the opportunity to renounce and abjure her fealty to the French Republic and the Lebanese Republic, replacing it with true faith and allegiance to the Constitution and laws of the United States. Petitioner is legally entitled to have her application for citizenship adjudicated forthwith.

### ii. *Respondents Have a Clear Duty to Perform the Act in Question*

21. This Writ of Mandamus should be granted because Respondents owe Petitioner Hamandi the duty to act upon her request for prompt adjudication of her long-pending N-400

8

Application for Citizenship. See <u>Donovan v. United States</u>, 580 F.2d 1203, 1208 (3rd cir. 1978), holding that Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act. Under the Regulations, the DHS and USCIS have a clear duty to adjudicate such applications. 8 C.F.R. §§ 310.1, 310.2. As here, where the government has failed to take any action, the Court may order the Respondents to adjudicate an application or petition. See e.g., <u>Iddir v. INS</u>, 301 F.3d 492, 500 (7th Cir. 2002), duty to adjudicate applications under the diversity lottery program.; <u>Patel v. Reno</u>, 134 F.3d 929, 933 (9th Cir. 1997), duty to adjudicate visa application.

22.   Mandamus is also appropriate because the government has failed to act within a reasonable amount of time. See: <u>Kim v. Ashcroft</u>, 340 F. Supp.2d 384 (S.D.N.Y. 2004), noting that section 555(b) of the Administrative Procedure Act (APA) requires the government to act within a reasonable period of time. Petitioner Hamandi has waited for more than a year to have her N-400 Application for Citizenship adjudicated. Moreover, she has tried three (3) times to learn about the delay and, despite her best efforts, has received nothing more than "they are working on the 'name check'", which, as practice demonstrates, might take an unknown amount of time, perhaps as long as four (4) years. As noted above, the DHS/USCIS processing times, most recently posted October 25, 2007 on their official website, show that N-400 Applications with comparable filing dates to Petitioner's, are now being adjudicated within seven (7) months. Respondents have not requested any additional information or evidence necessary for processing nor have they supplied any reason for the inordinate delay in settling the matter. That Mrs. Hamandi's Application has been pending for more than 16 months , since July 31, 2006, is unreasonable and unacceptable.

9

23. Because Respondents have a clear duty to adjudicate Petitioner Hamandi's N-400 Application and because DHS/USCIS and the FBI have failed to act within a reasonable period of time, the Court may order the Respondents to promptly adjudicate said N-400 Application.

### iii. No Other Adequate Remedy is Available to Petitioner

24. The Writ of Mandamus ought to be granted because Petitioner Hamandi has no alternative means of attaining adjudication of her Application and her right to issuance of the Writ is "clear and indisputable". <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980). Other than through the Department of Homeland Security and its Citizenship and Immigration Services division, coupled with a Federal Bureau of Investigation "name check", Petitioner has no other means of having her Application adjudicated. Throughout the last year, Mrs. Hamandi has utilized all administrative means, short of filing suit, to procure an answer from Respondents, including personal telephone calls and personal visits to USCIS offices. As noted above, this has been to no avail. Because no other adequate remedy is available to Petitioner, this Honorable Court may order Respondents to adjudicate and grant Mrs. Hamandi's N-400 Application, just as it did in <u>Liu v. Novak</u>, No. 07-263 (EGS), 2007 WL 2460425 (D.D.C.), August 30, 2007, another case involving unconscionable delay in FBI name checks.

### VI. Prayer for Relief

25. THEREFORE, Petitioner prays that this Honorable Court:

i. Compel Respondents and those acting for them to perform their duty to adjudicate Petitioner's N-400 Application for Citizenship;

ii. Grant her reasonable attorney's fees and costs under the Equal Access to Justice Act;

iii. And grant such other and further relief as this Honorable Court, in its wisdom, deems just and appropriate.

Date: 11/29/2007                 Respectfully submitted,

Rola Hamandi

By Counsel,

J. Michael Springmann
Law Office of J. Michael Springmann PLLC
4619 Yuma Street N.W.
Washington, D.C. 20016
Tel. (202) 686-4869
Fax (202) 966-1254
E-Mail: springmannslaw@fcc.net
U.S. District Court Bar No. 465099

11

**EXHIBIT ONE**

**USCIS RECEIPT NOTICE FOR N-400
Dated July 31, 2006**

# THE UNITED STATES OF AMERICA

| Receipt | | NOTICE DATE August 07, 2006 |
|---|---|---|
| CASE TYPE N400    Application For Naturalization | | USCIS A# A 078 640 458 |
| APPLICATION NUMBER SSC*001059535 | RECEIVED DATE July 31, 2006 | PRIORITY DATE July 31, 2006 | PAGE 1 of 1 |

| APPLICANT NAME AND MAILING ADDRESS | PAYMENT INFORMATION: |
|---|---|

ROLA HAMANDI
1816 SW 4TH AVE
POMPANO BEACH FL 33060

| PAYMENT INFORMATION: | |
|---|---|
| Single Application Fee: | $400.00 |
| Total Amount Received: | $400.00 |
| Total Balance Due: | $0.00 |

The above application has been received by our office and is in process. Our records indicate your personal information is as follows:

Date of Birth:              November 24, 1970
Address Where You Live:  1816 SW 4TH AVE
                            POMPANO BEACH FL 33060

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local USCIS office. You should expect to be notified within 730 days of this notice.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**.

If you have access to the Internet, you can also visit USCIS at **www.uscis.gov**. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

**USCIS Office Address:**
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
P. O. BOX 851488
MESQUITE TX 75185-

**USCIS Customer Service Number:**
(800) 375-5283

APPLICANT COPY

SSC$001024421

Form I-797C (Rev. 01/31/05) N

**EXHIBIT TWO**

**PERMANENT RESIDENT CARD**

**DATED OCTOBER 22, 2001**



**PERMANENT RESIDENT CARD**

NAME HAMANDI, ROLA

INS A# 078-640-458

Birthdate
11/24

Country of Birth
Lebanon

Sex
F

CARD EXPIRES 09/08/12
Resident Since 10/22/01

C1USA0786404583LIN0021852837<<
7011247F1205086LBN<<<<<<<<<2
HAMANDI<<ROLA<<<<<<<<<<<<<<<<

# EXHIBIT THREE

## USCIS MIAMI DISTRICT OFFICE PROCESSING TIMES



Home  Contact Us  Site Map  FAQ

Search  
Advanced Search

Services & Benefits    Immigration Forms    Laws & Regulations    About USCIS    Education & Resources    Press Room

Print This Page | Back

# U.S. Citizenship and Immigration Services
# Miami FL Processing Dates
# Posted November 14, 2007

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 16-18 months to process.

We offer a variety of services after you file.  For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

District Office Processing Dates for **Miami FL** Posted November 14, 2007

| I-131 | Application for Travel Documents | 3 Months |
|-------|----------------------------------|----------|
| I-485 | Application to Register Permanent Residence or Adjust Status | 6 Months |
| I-600 | Petition to Classify Orphan as an Immediate Relative | May 13, 2007 |
| I-600A | Application for Advance Processing of Orphan Petition | May 13, 2007 |
| I-765 | Application for Employment Authorization | 11 Weeks |
| N-400 | Application for Naturalization | 7 Months |
| N-600 | Application for Certification of Citizenship | October 07, 2006 |

Print This Page | Back

**EXHIBIT FOUR**

**USCIS LETTER TO PETITIONER HAMANDI**
**(Dated September 15, 2007)**
**STATING THAT FBI NAME CHECK DELAYING CITIZENSHIP**



**U.S. Department of Homeland Security**
USCIS
7880 Biscayne Boulevard
Miami, FL 33138

# U.S. Citizenship
# and Immigration
# Services

Saturday, September 15, 2007

ROLA HAMANDI
1816 SW 4TH AVE
POMPANO BEACH FL 33060

Dear ROLA HAMANDI:

On 05/07/2007 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| Caller indicated they are: | Applicant or Petitioner |
| Attorney Name: | Information not available |
| Case type: | N400 |
| Filing date: | 07/31/2006 |
| Receipt #: | SSC*001059535 |
| Beneficiary (if you filed for someone else): | HAMANDI, ROLA |
| Your USCIS Account Number (A-number): | A078640458 |
| Type of service requested: | Outside Normal Processing Times |

The status of this service request is:

The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open.

Until the background investigation is completed, we cannot move forward on your case. These background checks are required to be completed on all applicants who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the background checks are complete. If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

**U.S. DISTRICT COURT**
**FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Rola HAMANDI | * |
| 1816 S.W. 4th Avenue | |
| Pompano Beach, Fla. 33060, | * |
|                Petitioner | |
| | * |
|      v. | |
| | * |
| Michael CHERTOFF, Secretary | |
| U.S. Department of Homeland Security | * |
| 425 Murray Drive; Building 410 | |
| Washington, D.C. 20528, | * |
|                Respondent | |
| | * |
| Emilio T. GONZALEZ, Ph.D., Director | |
| U.S. Citizenship & Immigration Services | * |
| 20 Massachusetts Avenue N.W. | |
| Washington, D.C. 20529, | * |
|                Respondent | |
| | * |
| Robert S. MUELLER III, Director | |
| Federal Bureau of Investigation | * |
| 935 Pennsylvania Avenue N.W. | |
| Washington, D.C. 20525, | * |
|                Respondent | |

**ORDER**

Having read the pleadings in this matter and having considered the ability of the Federal

Bureau of Investigation (FBI) and other agencies to conduct background investigations and

"name checks" expeditiously when required, it is this _____ day of _____, 2007

ORDERED

that Mrs. Hamandi's Petition be, and hereby, is granted; and it is further

ORDERED

that Respondents complete the background investigation and "name check" on Petitioner within 30 calendar days after entry of this Order; and it is further

ORDERED

that Respondents schedule a Citizenship Interview within 45 calendar days of the appropriate Order being entered, provided no derogatory information has been found, so as to avoid even the appearance of retaliation against Mrs. Hamandi; and it is further

ORDERED

that Respondents schedule a Naturalization Ceremony within 60 calendar days of the appropriate Order being entered, provided no derogatory information is found, so as to avoid even the appearance of retaliation against Mrs. Hamandi; and it is further

ORDERED

that Respondents pay all Mrs. Hamandi's reasonable attorney's fees and costs in accordance with the Equal Access to Justice Act (5 U.S.C. § 504; 28 U.S.C. § 2412) because Respondents' positions in this matter were not substantially justified.

_____

U.S. District Judge

13

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Rola HAMANDI, Petitioner | Michael CHERTOFF et al, Respondents |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of J. Michael Springmann PLLC
4619 Yuma St. N.W.
Washington, D.C. 20016
(202) 686-4869

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02153
Assigned To : Huvelle, Ellen S.
Assign. Date : 11/29/2007
Description: General Civil

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff
O 3 Federal Question
(U.S. Government Not a Party)

(O) 2 U.S. Government Defendant
O 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**(O) E. General Civil (Other)**     **OR**     **O F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

5

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
8 USC 1329; 28 USC 1331, 1361, 1391(e); 5 USC 704. USCIS & FBI have unconscionably delayed action on Petitioner's Application for Citizenship.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ attorney's fees & costs    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 11/29/07    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.